**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-1078**

_____

NANCY MATHIAS ADAIR,

             Plaintiff - Appellant,

        v.

MCGUIREWOODS, LLP; JOSEPH G. TIRONE,

             Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.   (1:06-cv-02602-MJG)

_____

Submitted:  July 29, 2009          Decided:  August 6, 2009

_____

Before WILKINSON, MICHAEL, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Nancy Mathias Adair, Appellant Pro Se.  William Willis Carrier,
III, Jaime Walker Luse, TYDINGS & ROSENBERG, LLP, Baltimore,
Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy Mathias Adair appeals from the district court's judgment after a jury trial dismissing all claims against McGuireWoods, LLP ("McGuireWoods"). Adair claimed McGuireWoods interfered with her rights under the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 (2006) ("FMLA") and retaliated against her for asserting her entitlement to leave under the Act. She also asserted state law claims of defamation and intentional infliction of emotional distress. We affirm.

When reviewing the evidence at trial, this court must determine whether there was sufficient evidence to support the jury verdict. The evidence must be viewed in the light most favorable to the prevailing party and all reasonable inferences must be drawn in the party's favor. The court must not weigh the evidence or assess the credibility of witnesses. Baynard v. Malone, 268 F.3d 228, 234-35 (4th Cir. 2001); Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir. 1988). We find the evidence supports the jury's findings that McGuireWoods did not interfere with Adair's right to seek leave under the FMLA, nor was she terminated in retaliation for having sought protection under the FMLA.

With respect to the trial issues raised by Adair on appeal, we find no reversible error with the district court's evidentiary decisions, the manner in which the trial was to

proceed or with the jury. The court did not abuse its discretion by granting in part McGuireWoods' motion in limine. See Buckley v. Mukasey, 538 F.3d 306, 317 (4th Cir. 2008) (stating standard of review). We further find no reversible error with respect to evidence about one of the Defendants being injured on September 11, 2001. Because Adair cannot show prejudice, it was also not reversible error to inquire as to whether Adair's brother could afford to cover the costs of providing care for their mother.

While we review decisions made on summary judgment de novo, we find no reversible error with respect to the district court's decision to drop one of the Defendants or to grant summary judgment to McGuireWoods on Adair's defamation and intentional infliction of emotional distress claims.

As for the remaining issues raised by Adair, we find no merit. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED